OPINION
{¶ 1} Appellant Robin Mitchell appeals from a decision of the Montgomery County Court of Common Pleas, Juvenile Division, overruling her objections to a magistrate's decision. Mitchell contends that the trial court abused its discretion in finding Mitchell in contempt for failing to comply with a Shared Parenting Plan. Mitchell contends that the trial court erred, because there was not competent, credible evidence showing that Mitchell was in contempt for failing to comply with the Shared Parenting Plan regarding visitation.
 {¶ 2} We conclude that there is competent, credible evidence that Mitchell failed to comply with the Shared Parenting Plan regarding visitation. The Shared Parenting Plan provided that Appellee Carol Carpenter, the paternal grandmother of minor child, M.M., was to have visitation of M.M. during Christmas in odd-numbered years, i.e., Christmas 2001, and there was competent, credible evidence presented showing that Carpenter was informed by Mitchell that visitation would not be permitted.
 {¶ 3} In addition, there is competent, credible evidence that Mitchell failed to comply with the Shared Parenting Plan regarding telephone visitation, because Carpenter was unable to contact M.M., due to Mitchell's phone being disconnected, when she attempted to call on Monday and Wednesdays at 7:00 p.m. and Mitchell did not make a collect call to Carpenter to allow telephone visitation with M.M., as required by the Shared Parenting Plan.
 {¶ 4} Therefore, we conclude that the trial court did not err or abuse its discretion in finding Mitchell in contempt, and we conclude that the finding is not against the manifest weight of the evidence.
 {¶ 5} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 6} In April, 2001, Robin Mitchell, the mother of minor child, M.M., and Carol Carpenter, the paternal grandmother of M.M., reached an agreement regarding the legal custody of M.M. In the magistrate's decision and judge's order, filed April 19, 2001, shared parenting of M.M. was granted to Mitchell and Carpenter. The Shared Parenting Plan designated Mitchell as the residential parent of M.M. for school purposes. In addition to M.M. residing with Mitchell during the school year, Mitchell was granted visitation of M.M. during Thanksgiving in odd-numbered years, and Christmas in even-numbered years. Carpenter was granted visitation of M.M. during Spring Break, Summer Break, Thanksgiving in even-numbered years, and Christmas in odd-numbered years. Mitchell is a North Carolina resident, and Carpenter resides in Dayton, Ohio. The Shared Parenting Plan provided that for all visitations, pick-up and delivery is to take place at Country Inn Suites in Asheville, North Carolina. The Shared Parenting Plan also stated that the person whose turn it is to have visitation with M.M. is responsible for picking up M.M.
 {¶ 7} Regarding telephone visitation, the Shared Parenting Plan provided that the person who is not with M.M. is permitted to call M.M. on Monday and Wednesday at 7:00 p.m. to talk for a maximum of thirty minutes. The Shared Parenting Plan stated that if Mitchell does not have a telephone, she is required to take M.M. to a location where she can make a collect call to Carpenter. The Shared Parenting Plan also granted each party equal access to M.M.'s school, medical and other records. In addition, Mitchell was ordered to pay $50 per month in child support to Carpenter. The Shared Parenting Plan provided that "[f]ailure to abide by the orders of this court may result in a finding of contempt or may be used as evidence in future hearings and may result in a change of custody of the child."
 {¶ 8} In April, 2002, Carpenter filed a motion to show cause for contempt alleging that Mitchell had failed to comply with the April 19, 2001, Magistrate's Decision and Judge's Order Granting Shared Parenting (Shared Parenting Plan). In August, 2002, a hearing on the motion to show cause was held, and Mitchell and Carpenter were both present with their attorneys. In the presence of both parties, the hearing was continued to October 24, 2002. Mitchell was not present at the October 2002 hearing. The magistrate found that service upon Mitchell was proper and proceeded with the hearing. After the hearing, the magistrate found Mitchell to be in contempt for failing to make $900 in child support payments, and sentenced Mitchell to two days in the Montgomery County Jail, suspended on the condition that Mitchell make contact with the Montgomery County Support Enforcement Agency and establish a repayment schedule by April 1, 2003. The magistrate also found Mitchell in contempt for failing to provide parenting time and telephone contact as previously ordered and ordered Mitchell to pay a $500 fine, plus court costs and attorney's fees in the amount of $300. Mitchell filed objections to the magistrate's decision. The trial court overruled Mitchell's objections and upheld the magistrate's order requiring Mitchell to pay the $300 in attorney fees and the $900 in child support, but amended the magistrate's order by suspending the $500 fine and court costs. From the judgment of the trial court, Mitchell appeals.
 II {¶ 9} Mitchell's sole assignment of error is as follows:
 {¶ 10} "The trial court abused its discretion when it found appellant, robin mitchell, in contempt of this court's order."
 {¶ 11} Mitchell contends that the trial court abused its discretion in finding Mitchell in contempt for failing to comply with the Shared Parenting Plan. Mitchell contends that the trial court erred, because no competent, credible evidence was presented to establish that Mitchell was in contempt for failing to comply with the Shared Parenting Plan regarding visitation.
 {¶ 12} A trial court's decision in a contempt proceeding will not be reversed by an appellate court, unless the trial court abuses its discretion. Waggoner v. Waggoner, Greene App. No. 2002-CA-126, 2003-Ohio-4719, at ¶ 27, citation omitted. "The term `abuse of discretion' . . . implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, citations omitted. "On a claim that a judgment is against the manifest weight of the evidence, a reviewing court is guided by the statement that `judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. Furthermore, we must presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81, 461 N.E.2d 1273." Waggoner at ¶ 10.
 {¶ 13} A review of the record in this case indicates that competent, credible evidence was presented to establish that Mitchell failed to comply with the Shared Parenting Plan regarding visitation. The Shared Parenting Plan provided that Carpenter was to have visitation with M.M. during Christmas in odd-numbered years. At the hearing in October 2002, Carpenter testified that the last time she had visitation with M.M. was the summer of 2001. Carpenter testified that she was supposed to have visitation with M.M. during the Christmas holiday in 2001, but that Mitchell told her by phone that it was not Carpenter's year to have visitation with M.M. Carpenter testified that she sent a certified letter to Mitchell indicating that she was going to pick up M.M. at Christmas. Carpenter testified that she did not travel to North Carolina to pick up M.M. at Christmas, because she was unable to contact Mitchell, and had no contact from Mitchell after receiving the copy back indicating that Mitchell had received the certified letter. Carpenter also testified that there had been incidents where she or her son had traveled to North Carolina to pick up M.M., and that M.M. was not made available for pick up. Doris Mustard, Carpenter's roommate, testified that she traveled with Carpenter to the Country Inn Suites in Asheville, North Carolina to pick up M.M. in 2000, and that Mitchell was not there with M.M. We agree with the trial court that "[t]he evidence presented shows that Ms. Carpenter was informed that visitation would not be permitted, so the expense of travel was not incurred since the visitation would not likely occur."
 {¶ 14} Regarding telephone visitation, the Shared Parenting Plan provided that the person who is not with M.M. is permitted to call M.M. on Monday and Wednesday at 7:00 p.m. to talk for a maximum of thirty minutes. The Shared Parenting Plan stated that if Mitchell does not have a telephone, she is required to take M.M. to a location where she can make a collect call to Carpenter. At the October 2002 hearing, Carpenter testified that the last time she had telephone contact with M.M. was December 2001. Carpenter testified that she had not been able to exercise telephone contact with M.M. on Monday and Wednesdays at 7:00 p.m. Carpenter testified that she would call a phone number that she had for Mitchell until it would get disconnected. Carpenter testified that she had never received a collect call from Mitchell allowing M.M. telephone contact with her. Carpenter testified that Mitchell had notice of telephone and address changes when Carpenter would move.
 {¶ 15} Mitchell failed to appear at the October 2002 hearing, despite notice of it, and therefore, failed to rebut the evidence presented by Carpenter. Because the Shared Parenting Plan provided that Carpenter was to have visitation of M.M. during Christmas in odd-numbered years, i.e., Christmas 2001, we conclude that there is competent, credible evidence that Mitchell failed to comply with the Shared Parenting Plan regarding visitation. In addition, there is competent, credible evidence that Mitchell failed to comply with the Shared Parenting Plan regarding telephone visitation, because Carpenter was unable to contact M.M., due to Mitchell's phone being disconnected, when she attempted to call on Monday and Wednesdays at 7:00 p.m., and Mitchell did not make a collect call to Carpenter to allow telephone visitation with M.M., as required by the Shared Parenting Plan.
 {¶ 16} Therefore, we conclude that the trial court did not err or abuse its discretion in finding Mitchell in contempt, and we conclude that the finding of contempt is not against the manifest weight of the evidence.
 {¶ 17} Mitchell's sole Assignment of Error is overruled.
 III {¶ 18} Mitchell's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
Grady and Young, JJ., concur.